UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL R. RENDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-1740-SEP |
| | ) |
| CENTURION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Samuel R. Render's Application to Proceed in the District Court without Prepaying Fees and Costs, Doc. [3]. On review of the application and financial information provided therein, the Court will assess an initial partial filing fee of $56.58. For the reasons set forth below, the case is dismissed without prejudice.

**INITIAL PARTIAL FILING FEE**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. *Id*. The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a copy of his inmate account statement, Doc. [5], which reflects an average monthly deposit of $282.92 and an average monthly balance of $47.38. Plaintiff has insufficient funds to pay the entire filing fee; the Court will assess an initial partial filing fee of $56.58, which is 20% of Plaintiff's average monthly deposit.

**THE COMPLAINT**

Self-represented Plaintiff Samuel R. Render filed this action on the Court's "Prisoner Civil Rights Complaint" form pursuant to 42 U.S.C. § 1983 against Centurion, Medical Director Phillip Tippen, Health Services Administrator Lisa Ivy, and Director of Nursing Hollie Smith.

Doc. [1].  Plaintiff brings his allegations against the Defendants in their official capacities as employes of Centurion.  *Id*. at 2-4.

Plaintiff alleges that, on October 12, 2023, a medical call-out list was posted on a public bulletin board, identifying him by his full name, Department of Corrections number, and birthday, and listing the sensitive reason he needed medical care.  *Id*. at 3, 5.  Because of the post, Plaintiff claims, he was mocked and harassed by fellow inmates, causing him night terrors and trauma.  *Id*. at 5-8.  He asserts that Defendants' "grave negligence and incompetence" in "failing to train [and] monitor Centurion staff" caused the staff to fail to "adhere to Centurion's policies and procedures."  *Id*. at 9.  As a result of Defendants' actions, Plaintiff claims that his "federal protected rights through the HIPPA [sic] Act" were violated.  *Id*. at 10.  Plaintiff seeks $10,000,000 in punitive damages, pain and suffering, and mental anguish.[1]  *Id*.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to

---

[1] Plaintiff includes 42 pages of attachments with his Complaint.

"assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff, an inmate at Farmington Correctional Center, brings this action against Centurion and three Centurion employees in their official capacities only. *See* Doc. [1] at 2-4 (checking box for official capacity and leaving box for individual capacity blank). Plaintiff's "express designation" that he sues Defendants only in their official capacities "forecloses recovery of personal liability damages from the defendants" in their individual capacities. *Reynolds v. Cook*, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025)

"A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on his official-capacity claims, therefore, Plaintiff must establish Centurion's liability for the alleged misconduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer and therefore must establish the municipality's liability for the alleged conduct.").

Centurion is a private corporation tasked with providing medical care for inmates in the Missouri prison system. *See Zeigenbein v. Raines*, 2023 WL 7002636, at *7 (E.D. Mo. Oct. 24, 2023). A private entity acting under color of state law "may be liable under § 1983 for harms caused by its own unconstitutional customs or policies." *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). A corporation acting under color of state law cannot be held liable on a respondeat superior theory. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support such a claim, a plaintiff "must show that there was a policy, custom, or official act that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (citing *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993)).

Plaintiff does not contend that any unconstitutional Centurion policy or custom caused him pain and suffering. He does not impute the misconduct of the individual Defendants to

3

Centurion's policies or customs.  He attributes his harm directly to the negligence of Tippen, Ivy, and Smith, explicitly stating that Defendants deviated from Centurion's official policies:

> Centurion et al.; Phillip Tippen, Lisa Ivy and Hollie Smith ALL have in their official capacity **displayed grave negligence and incompetence by failing to train, monitor Centurion Staff** and/or authorized medical equipment, or programs/software and enforcing themselves and Staff **to adhere to Centurion's policies and procedures** federal and state laws in regards to the protection of my personal medical information and taking every necessary measures to not allow my said information to be disclosed to any unauthorized personale [sic] or persons without my written or expressed consent.

Doc. [1] at 9 (emphases added).  Thus, Plaintiff's claim that his harm was caused by an unconstitutional policy or custom is subject to dismissal.[2]

Plaintiff's conclusory allegation that Defendants failed to train and supervise is also subject to dismissal.  To demonstrate a defendant's liability for failure to train or supervise, a plaintiff must establish that it "[r]eceived notice of a pattern of unconstitutional acts committed by [its employees]."  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1216-1217 (8th Cir. 2013) (alterations in original) (citing *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010)).  Plaintiff has not alleged a pattern of unconstitutional acts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees and Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $56.58 within thirty (30) days of the date of this Order.  Plaintiff must make his remittance payable to "Clerk, United States District Court," and should state: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [2], is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of June, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's allegations are based on alleged release of his personal information in violation of HIPAA, but there is no private right of action for violating HIPAA.  *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006); *Bradford v. Blake*, 2006 WL 744307, *3 (E.D. Mo. Mar. 23, 2006) (citing cases).